**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RYAN KEITH MILLER,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

Case No. 09-20031-01/18-2074

## MEMORANDUM & ORDER

This matter comes before the court upon petitioner Ryan Keith Miller's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 46). On June 13, 2011, an amended judgment was filed in this case with petitioner pleading guilty to four counts involving conspiracy to commit wire fraud, wire fraud, aiding and abetting money laundering, and aggravated identify theft. (Doc. 43.) He was sentenced to 145 months imprisonment and three years of supervised release. On February 12, 2018, petitioner filed his motion to vacate. Petitioner seeks resentencing because he argues that the United States Supreme Court in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), held unconstitutional the consideration of uncharged conduct as relevant conduct at sentencing.

The court ordered the government to file a response to petitioner's motion by March 13, 2018 (Doc. 47). No response was filed. The court entered an Order to Show Cause (Doc. 49) to the government requiring a response or good cause to be shown to the undersigned by March 30, 2018. The government responded, showing good cause, and requesting additional time to respond to petitioner's motion. However, the court no longer finds a response necessary to resolve this matter.

**I.**     **Legal Standard**

Generally, a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." § 2255(f)(1). But a new one-year period begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Here, petitioner timely sought leave to file a second or successive motion under § 2255(h)(2), which provides that such leave may be granted when there is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Generally, new constitutional rules of criminal procedure do not retroactively apply to cases on collateral review, but substantives rules "are not subject to this general retroactivity bar." *Mulay*, at \*4 (citing *Welch v. United States*, 136 S. Ct. 1257 (2016), *Teague v. Lane*, 489 U.S. 288 (1989)). Substantive rules "alter[] the range of conduct or the class of persons that the law punishes." *Id.* (quoting *Welch*, at 1264–65 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004))). "A rule is 'new' if it was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* (quoting *Teague*, at 301) (emphasis in original).

**II.    Discussion**

Petitioner's § 2255 is untimely under § 2255(f)(1) because more than a year has passed since his judgment became final. Petitioner used a form § 2255 petition and does not explain why his motion is timely. However, his request for relief mentions the Supreme Court's decision in *Nelson*, which was decided in 2017. Therefore, the court considers whether petitioner's motion could be timely under § 2255(f)(3).

Petitioner seeks resentencing because he argues that 1) in light of the *Nelson* decision, it is unconstitutional to use uncharged relevant conduct at sentencing and 2) it is unconstitutional to use

-2-

uncharged relevant conduct based on a preponderance of the evidence standard of proof. Petitioner says that he:

> was held criminally liable for the uncharged loss amount of more than $2.5 million but less than $7 million for purposes of enhancing his guidelines calculation eighteen-levels that was not admitted to during a plea colloquy, incorporated into the language of the indictment, or stipulated to by the parties in the factual basis.

(Doc. 46-2, at 4.) It further claims that "the government utilized the preponderance of the evidence standard of proof to find the unchanged loss amount foreseeable to Petitioner without providing evidence at sentencing. (*Id.* at 5.)

But the Supreme Court's decision in *Nelson* found that it was a due process violation for a State to require defendants whose convictions had been reversed or vacated to prove their innocence by clear and convincing evidence before they were refunded costs, fees, and restitution pursuant to their invalid convictions. 137 S. Ct. 1249. The Supreme Court did not find that it was unconstitutional to consider relevant conduct, including conduct that was not charged. *Nelson* also does not discuss the appropriate evidentiary standard for proving relevant conduct is attributable to a defendant at sentencing. Because *Nelson* has no application to this case, petitioner's motion is also untimely under § 2255(f)(3). Petitioner's motion is therefore time barred.

Rule 11 of the rules governing § 2255 provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. § 2255. Petitioner must make a "substantial showing of the denial of a constitutional right" in order for the district court to issue a certificate of appealability. § 2253(c)(2). A petitioner may meet this burden by "showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). A petitioner must show "something more than the absence of

frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Barefoot*, at 893). The court must "indicate which specific issue or issues satisfy the showing required . . ." § 2253(c)(3). Petitioner has not made a substantial showing of the denial of a constitutional right. The court must therefore deny a certificate of appealability on the court's order denying petitioner's § 2255 motion.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 46) is denied as time-barred and a certificate of appealability is denied.

Dated April 5, 2018, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**